IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49329

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: December 23, 2022 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| KEVIN JAMES THOMAS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Order denying motion to suppress, affirmed; judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kevin James Thomas appeals from his judgment of conviction for felony possession of a controlled substance, Idaho Code § 37-2732(c)(1). Thomas argues the district court erred by denying his motion to suppress because law enforcement did not have reasonable suspicion to stop him. Because there was reasonable suspicion to seize Thomas for an investigatory detention, the district court did not err and the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2021, at approximately 9:19 a.m., Ada County Dispatch received a call describing a possible vehicle prowler at Treasure Valley Stone (first caller).[1] The first caller reported the

---

[1] Treasure Valley Stone is located at 2350 S. Vista Ave., Boise, ID 83705. It is near the corner of S. Vista Ave. and Cherry Lane.

individual was "trying car doors." The first caller described the individual as a white male, in his twenties, with a white mask on. The first caller reported the individual was on foot eastbound on Cherry Lane.

Two minutes later, at 9:21 a.m., Ada County Dispatch received a second call about an individual at Pacific Cataract and Laser Institute (second caller).[2] The second caller reported the individual came into the business, asked about the security system, and appeared to be high on methamphetamine. The second caller described the individual as a white male with a beard, in his twenties, wearing dark clothes, and a red hat. The second caller reported the individual was in the business for about ten minutes prior to the call and when he left, he headed south on S. Vista Ave. on foot. Dispatch entered information from both calls into the Computer Aided Dispatch system.

Sergeant Pietrzak responded to the area, and observed a white male with a beard, wearing a black jacket, walking southbound on S. Vista Ave. Sergeant Pietrzak stopped, exited his patrol vehicle, approached the individual (Thomas), and asked him to stand in front of the patrol vehicle. There is no dispute between the parties that Thomas was detained at this point. Within two minutes, Thomas voluntarily, without prompting, informed Sergeant Pietrzak that he had some methamphetamine on his person. The parties agree Sergeant Pietrzak had probable cause after Thomas's admission.

The State charged Thomas with possession of a controlled substance and possession of drug paraphernalia. Thomas moved to suppress all evidence discovered following his warrantless seizure. The State objected and the district court held a hearing on the motion to suppress. Following the hearing, the district court denied Thomas's motion to suppress. Pursuant to a plea agreement, Thomas entered a conditional guilty plea to felony possession of a controlled substance and reserved his right to appeal the district court's denial of his motion to suppress. Thomas timely appeals.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by

---

[2]     Pacific Cataract and Laser Institute is located at 2822 S. Vista Ave., Boise, ID 83705. It is approximately five blocks south of Treasure Valley Stone and near the corner of S. Vista Ave. and W. Canal St.

substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Thomas argues the district court erred when it denied his motion to suppress because law enforcement did not have reasonable suspicion that Thomas was or was about to be engaged in criminal activity. In response, the State argues the dispatch calls were sufficient to provide reasonable suspicion justifying the investigative detention of Thomas. Reasonable suspicion existed to conduct the investigative stop; accordingly, the district court did not err in denying Thomas's motion to suppress.

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

As to information provided from dispatch, a known citizen-informant is presumably reliable; however, reasonable suspicion depends upon the reliability and the content of the information presented by the citizen-informant. *State v. Zapata-Reyes*, 144 Idaho 703, 708, 169 P.3d 291, 296 (Ct. App. 2007). When the citizen-informant provides a description of a suspect and alleges the suspect committed a crime that is generally sufficient for reasonable suspicion. *State v. Bishop*, 146 Idaho 804, 812, 203 P.3d 1203, 1211 (2009). Thus, we must examine whether the information provided to Sergeant Pietrzak included articulable facts supporting a reasonable suspicion that Thomas was or was about to be involved in criminal activity.

3

Thomas argues the district court erred because the dispatch calls did not amount to reasonable suspicion. Thomas distinguishes the calls and evaluates them separately. Thomas acknowledges the first caller reported suspicion of a crime. Nevertheless, Thomas argues the description provided by the first caller (white male in his twenties) did not have specific articulable facts to justify reasonable suspicion. As to the second caller, Thomas concedes there was a detailed description of the suspect, but argues the caller provided no suspicion that a crime was or was about to be committed. In sum, Thomas contends neither call provided reasonable suspicion to conduct an investigatory detention; as a result, the district court should have suppressed the evidence.

The State argues that, under the totality of the circumstances, Sergeant Pietrzak had reasonable suspicion to seize Thomas. The State argues dispatch consolidated the calls as one incident and it was reasonable to believe the calls could have been referring to the same individual. The State summarizes the reported information as identifying a white male with a beard, in his twenties, in dark clothing, who was attempting to break into vehicles, had disturbed a business, and appeared to be under the influence of illegal substances. The State argues since Thomas matched the description and was in the vicinity of the incidents, there was reasonable suspicion to seize Thomas.

Idaho appellate courts have considered a number of commonsense factors for consideration in determining whether there exists reasonable suspicion that a particular individual was involved in a very recent crime. *Kessler*, 151 Idaho at 655, 262 P.3d at 684. These factors include:

> (1) the particularity of the description of the offender or the vehicle in which he fled; (2) the size of the area in which the offender might be found, as indicated by such facts as the elapsed time since the crime occurred; (3) the number of persons about in that area; (4) the known or probable direction of the offender's flight; (5) observed activity by the particular person stopped; and (6) knowledge or suspicion that the person or vehicle stopped has been involved in other criminality of the type presently under investigation.

*Id*.

First, we reject Thomas's suggestion that we should evaluate the calls separately. Dispatch initially consolidated the calls and reported them as one incident to Sergeant Pietrzak. Additionally, due to the similar timing, similar location, and similar descriptions of a white male in his twenties, it was reasonable for Sergeant Pietrzak to believe the incidents involved the same

4

person. Under the totality of the circumstances, it is appropriate to analyze the calls together as identifying one potential suspect.

Next, the calls provided reasonable suspicion that Thomas had or was about to commit a crime. Collectively, the callers reported an individual was attempting to open multiple vehicle doors, entered a business and inquired about security, and appeared to be high on methamphetamine. This suspicious individual was described as a white male with a beard, in his twenties, wearing dark clothing, and a red hat. Despite minor discrepancies in the description of the individual between the two callers, these facts are sufficiently particularized to Thomas, a white male with a beard, wearing a black jacket. The individual was last reported to be traveling on foot southbound on S. Vista Ave. past Pacific Cataract and Laser Institute. Sergeant Pietrzak observed Thomas walking south on S. Vista Avenue. Thomas was the only pedestrian in the area. Considering the relevant factors, the district court determined there was reasonable suspicion that Thomas was the individual described in the dispatch report and the investigatory stop was based on reasonable suspicion.

Thomas argues there was not reasonable suspicion because the direction of the suspect's reported travel did not align with Thomas's location. Thomas argues that, assuming the calls were about the same suspect, then the individual started at Pacific Cataract and Laser Institute, moved north on S. Vista Ave. to Treasure Valley Stone, and then headed either east or west down Cherry Lane. Thomas argues the second caller's report is unreliable since the suspect would have traveled north to Treasure Valley Stone rather than south on S. Vista Ave. The State argues there was enough time for the suspect to start at Pacific Cataract and Laser Institute, move north to Treasure Valley Stone, and then move south again past Pacific Cataract where Thomas was located by Sergeant Pietrzak. The district court noted the discrepancy between the first and second calls as to direction of travel but determined, based on the totality of the circumstances, that the first caller's information was limited and the second caller's information placed Thomas near the location where the stop occurred. Given the difference in the time of observation by the callers and the fact, as described by Sergeant Pietrzak, that Thomas was within the general vicinity described, the location did not negate reasonable suspicion. Accordingly, it was reasonable for Sergeant Pietrzak to believe Thomas was the suspect since he matched the description provided, was in the general vicinity of the incidents, and was walking south of Pacific Cataract and Laser Institute on Vista as reported by the second caller. Because Sergeant Pietrzak had reasonable

5

suspicion to detain Thomas to investigate the reports called into dispatch, Thomas has failed to show error in the district court's denial of his motion to suppress.

## IV.

## CONCLUSION

Thomas has failed to show error by the district court. Sergeant Pietrzak had reasonable suspicion to conduct an investigative stop of Thomas. Accordingly, we affirm the district court's order denying Thomas's motion to suppress and the judgment of conviction.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.